**FILED**
JAN -7 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert W. Johnson,           )
                             )
    Plaintiff,              )
                             )
v.                           )  Civil Action No. 19-3470 (UNA)
                             )
                             )
Nationwide Mutual            )
Insurance Company *et al*,   )
                             )
    Defendants.             )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of plaintiff's application to proceed *in forma pauperis* and complaint. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The purpose of the minimum pleading standard is to give fair notice to the defendants of the claims being asserted, sufficient to prepare a responsive

answer and an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff's list of defendants spans the first ten pages of the thirteen-page handwritten complaint. Most of the defendants are private insurance companies. Plaintiff seeks, among other relief, "$999 trillion dollars" in "punitive damages" and "$999 billion for future pain & suffering." Compl. at 13. The complaint lacks, among other shortcomings, discernable factual allegations. Therefore, it will be dismissed. An order will issue separately.

Date: Dec. 31, 2019

United States District Judge